# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RANDY LAMONT MCKELLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07CV180 LMB |
| | ) | |
| MARK RUBEL and MICHAEL MORGAN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motions of plaintiff for appointment of counsel. For the following reasons the motions will be denied without prejudice.

Plaintiff seeks counsel asserting that he:

> lacks the access to necessary legal material, research tools, as well as the proper tools it takes to find witness [sic] reason being communication between inmates in separate facilities is not permitted if one inmate is a federal inmate and the other is a state inmate.[1] There is also complacations [sic] with contacting another inmate if you do not know what correctional center the inmate is being housed at. This information is restricted from the inmate.

Despite plaintiff's broad assertions, he has not provided the Court with any evidence that he is being denied access to the Courts and/or to legal research opportunities, nor

---

[1] Plaintiff is currently a state inmate, housed at South Central Correctional Center, in Licking Missouri. He has not identified the "federal inmate" he is allegedly attempting to contact.

has he shown that he has been prejudiced in any legal proceedings by the alleged denials of access. See, e.g., Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996) ("To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims."). Moreover, plaintiff has not identified which witnesses he has been unable to facilitate contact with or listed his attempts at doing so and/or the specific regulations or policies which have impeded his access.

There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including, but not limited to whether there is a need to further investigate and present the facts related to the plaintiff's allegations and whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

Plaintiff claims that he was subjected to excessive force by defendants Morgan and Rubel during his time in the Cape Girardeau County Jail. Plaintiff's claims, as stated, are not so complex that they justify appointment of counsel. Nor, as noted above, has plaintiff provided the Court with any factual contentions substantiating the

need for counsel to pursue further investigations on plaintiff's behalf. Accordingly, the Court finds that the appointment of counsel is not warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for appointment of counsel [Doc. #17 and 20] are **DENIED** without prejudice.

Dated this 11th Day of April, 2008.

*Lewis M. Blanton*
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE