## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| RANDY LAMONT MCKELLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:07CV180 LMB ) |
| MARK RUBEL and MICHAEL MORGAN, | ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to compel. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging excessive force by defendants Rubel and Morgan.

In his "motion for an order compelling discovery," plaintiff asks the Court to compel defendants Rubel and Morgan to produce a myriad of documents plaintiff deems related to the instant lawsuit. Although plaintiff claims that defendants refused to produce the requested documents, he has not appended his original discovery requests to the motion, nor has he attached any evidence of a good faith effort on his part to compel discovery from defendants.

In order to bring a motion to compel, plaintiff must provide the Court with evidence that he has made a good faith effort to confer with defendants regarding the purported outstanding discovery response.

Local Rule 3.04(A) of this Court provides:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

Although plaintiff may not be able to confer with defendants' counsel in person or by telephone, he can write to him to attempt to resolve the dispute, and must do so prior to filing a motion to compel. This "attempt to confer" cannot be done through the filing of motions with this Court, but must instead be accomplished through written correspondence between the parties.

In the future, if plaintiff wishes to file a motion to compel with this Court, he must provide the Court with copies of the written correspondence evidencing his compliance with Local Rule 3.04(A). Where plaintiff claims in a motion to compel that defendants did not properly respond to a discovery request, plaintiff must also provide the Court with copies of both his discovery request(s) and the defendants' response(s), so the Court will be able to evaluate whether or not the response or objection was appropriate.

As a result of plaintiff's failure to comply with Local Rule 3.04(A), the Court will not consider the instant motions and will deny the same.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that if plaintiff wishes to file a motion to compel in the future, he must provide the Court with copies of written correspondence evidencing his compliance with Local Rule 3.04(A).

**IT IS FURTHER ORDERED** that where plaintiff claims in a motion to compel that the defendants did not properly respond to a discovery request, plaintiff must also provide the Court with copies of both his discovery request(s) and the defendants' response(s), so the Court will be able to properly evaluate the motion.

Dated this 9th Day of June, 2008.

*/s/ Lewis M. Blanton*

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE