# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| RANDY LAMONT MCKELLER, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:07CV180 LMB |
| MARK RUBEL, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on defendants' motion for summary judgment. Plaintiff, a prisoner, brought this action under 42 U.S.C. § 1983 against officers of the Cape Girardeau Sheriff's Department alleging that they used excessive force while detaining him. Defendants have moved for summary judgment on the ground that plaintiff cannot show that he was subjected to a constitutional deprivation. Upon review of the briefs and the evidence, the court will grant the motion.

### Standard

Under Rule 56(c), a motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing

there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir.), cert. denied, 528 U.S. 1063, 120 S.Ct. 618, 145 L.Ed.2d 512 (1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson, 477 U.S. at 248, 106 S.Ct. 2510). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact. See Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. Armour and Co., Inc. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir. 1993). "A plaintiff's verified complaint is the equivalent of an affidavit for purposes of summary judgment, and a complaint signed and dated as true under penalty of perjury satisfies the requirements of a verified complaint." Roberson v. Hayti Police Dept., 241 F.3d 992, 994 -995 (8th Cir. 2001) (citations omitted).

## Background

Plaintiff is serving a life sentence for first degree murder and armed criminal action. Defendants Mark Rubel and Michael Morgan are both officers with the Cape Girardeau Sheriff's

Department. At all times relevant to the complaint, plaintiff was a prisoner at the Cape Girardeau County Jail (the "Jail").

At the outset of this case, plaintiff filed a verified complaint. In his verified complaint, plaintiff alleged the following facts: On March 22, 2006, plaintiff complained to defendant Rubel that Rubel was discriminating against the African-American inmates by not allowing them to watch the television shows they preferred. A disagreement ensued between Rubel and plaintiff. Rubel asked plaintiff to exit his cell so that they could talk, but plaintiff refused. Rubel returned to plaintiff's cell after a short time with defendant Morgan. Defendants opened plaintiff's cell door, entered the cell, and Rubel shot plaintiff with a Taser. Defendant Morgan then placed handcuffs on plaintiff's wrists in a rough manner. While defendants were transferring plaintiff to a holding cell, they slammed him on the ground, repeatedly punched and kicked him, and repeatedly shot him with the Taser. Plaintiff claimed that he suffered unspecified injuries to his shoulder, back, kidneys, and bladder.

During the discovery period, defendants took plaintiff's deposition. At the deposition, plaintiff refused to answer any questions pertaining to his claims for relief on the ground that he was invoking his Fifth Amendment right to be free from self-incrimination. Specifically, plaintiff refused to answer any questions about his or defendants' actions on the date the allegations took place, and he refused to answer any questions regarding any injuries he may have suffered.

In its Case Management Order, the court set a discovery cut-off date of June 3, 2008. The Order further stated that the court would not entertain any motions to compel after discovery ended. On June 3, 2008, plaintiff filed a motion to compel, which the court denied because it did not comply with the Local Rules. Defendants and plaintiff filed cross motions to compel well after discovery ended, and the court is dismissing those motions as untimely.

Defendants filed a motion to dismiss the case as a sanction for plaintiff's use of the Fifth Amendment during his deposition; the court is dismissing the motion to dismiss as moot in light of the instant motion for summary judgment.

"Affidavits submitted on summary judgment do not deserve to receive unthinking acceptance by the court." In re Edmond, 934 F.2d 1304, 1308 (4th Cir. 1991). A verified complaint is treated as the equivalent of an affidavit for the purpose of summary judgment proceedings. Roberson, 241 F.3d at 994 -995. An affidavit offered on summary judgment is properly stricken by the court where the party submitting the affidavit invokes the Fifth Amendment regarding the subject matter of the affidavit during the discovery process. In re Edmond, 934 F.2d at 1308; United States v. Parcels of Land, 903 F.2d 36, 43 (1st Cir. 1990). That is, a party may not rely on his own testimony or affidavit to support his version of a disputed issue where he has asserted his Fifth Amendment right not to answer questions concerning that very same issue. Parcels of Land, 903 F.2d at 43. To permit such reliance would constitute "'a positive invitation to mutilate the truth.'" Id. (citing Lawson v. Murray, 837 F.2d 653, 656 (4th Cir.), cert. denied, 488 U.S. 831, 109 S.Ct. 87, 102 L.Ed.2d 63 (1988) (quoting Brown v. United States, 356 U.S. 148, 156, 78 S.Ct. 622, 627, 2 L.Ed.2d 589 (1958)). "[The Defendant] ought not be permitted to assert his Fifth Amendment privilege during a deposition, but then present testimonial evidence, in the way of sworn discovery responses, that cannot be explored during a deposition by the Plaintiff." Securities and Exchange Commission v. Brown, 579 F. Supp. 2d 1228, 1242 (D. Minn. 2008). "It is fundamentally unfair for Defendants to create an issue of fact based upon sworn discovery responses made before he invoked his privilege." Id.

Because plaintiff invoked his Fifth Amendment right during his deposition and refused to answer any questions regarding defendants' use of force upon him on March 22, 2006, the court will

strike those same allegations from the verified complaint for the purpose of deciding defendants' motion for summary judgment. The court will next examine whether plaintiff has submitted any other evidence in support of his claims.

Plaintiff submitted several documents along with his response brief that he argues constitute admissible evidence in support of his claims. Specifically, plaintiff has submitted copies of medical services requests from the Jail, unsworn statements from fellow inmates at the Jail, and defendants' incident reports. The medical service requests and defendants' incidents reports are not authenticated by or attached to any affidavits.

"To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Fed. R. Civ. P. 56(e). Documents which do not meet those requirements cannot be considered." Stuart v. General Motors Corp., 217 F.3d 621, 636 n. 20 (8th Cir. 2000). Plaintiff has not submitted any independent evidence authenticating the medical service requests or incident reports. As a result, they cannot be considered in these proceedings.

Additionally, the unsworn, handwritten statements of plaintiff's fellow inmates, claiming to witness the alleged use of excessive force by defendants against plaintiff, are inadmissible hearsay and may not be considered in these proceedings. See Mays v. Rhodes, 255 F.3d 644, 648 (8th Cir. 2001). Consequently, none of the evidence proffered by plaintiff is admissible under the Rules of Evidence.

In support of their motion for summary judgment, defendants have submitted their affidavits. The affidavits are admissible in evidence and meet the requirements of Rule 56. Defendants' evidence, which is uncontradicted in these proceedings, establishes the following facts:

On March 22, 2006, at about 6:36 a.m., defendant Rubel was serving breakfast trays to the population in the Jail. As Rubel entered B Pod, he called the inmates to get their trays by cell number; when Rubel called plaintiff's cell number, plaintiff went to the pod door to receive his tray. On the way to get his tray, plaintiff began insulting Rubel by calling him a "racist pussy." Rubel responded by ordering plaintiff to sit down at his table and "keep his mouth shut." Plaintiff continued calling Rubel a "pussy" and said "that [Rubel] would not do anything to him" because officers in that county were "a bunch of pussies."

Rubel told plaintiff that his language was disrespectful and would not be tolerated. Rubel ordered plaintiff to pack his belongings because he was being moved to another cell. Plaintiff responded, "I ain't fucking moving because you pussies can't make me." The pod door was then closed.

When Rubel finished serving the breakfast trays he contacted defendant Morgan to ask for help moving plaintiff to a holding cell. Rubel and Morgan then opened plaintiff's cell door and asked plaintiff to exit the cell. Plaintiff refused and said, "Man, fuck that. If you want me out of the motherfucking cell, you are going to have to taze me." Defendants again asked plaintiff to exit the cell, stating that they only wanted to talk to him. Plaintiff responded by saying, "You bitches are going to have to taze me to get me out of here."

Rubel pulled out his M26 Taser weapon and aimed it at plaintiff's chest. Morgan ordered plaintiff to exit his cell and plaintiff responded, "Come on motherfuckers and taze me." Rubel fired the Taser at plaintiff. But plaintiff had pulled a blanket over himself, and the Taser's prongs hit the blanket that plaintiff was holding and had no effect on plaintiff.

Rubel attached another cartridge to the Taser. At the same time, plaintiff's cellmate pushed plaintiff out of the cell and towards defendants. Plaintiff's cellmate advised him to cooperate with defendants, and plaintiff exited the cell.

Morgan ordered plaintiff to turn around and place his hands behind his back. Plaintiff refused, saying, "Fuck that. You can't handcuff me behind my back." Morgan repeated the order, and plaintiff continued to refuse. Morgan then placed a handcuff on plaintiff's right arm and pulled it behind plaintiff's back. Rubel pulled plaintiff's left arm behind his back and Morgan finished handcuffing plaintiff.

Defendants began escorting plaintiff to the booking area. On the way to the booking area, plaintiff tried to jerk away from Morgan and kick him in the left knee. Morgan took plaintiff to the ground and ordered him to quit resisting. Plaintiff continued to kick at Morgan.

In response to plaintiff's kicking, Rubel fired his Taser into plaintiff's stomach. The Taser stunned plaintiff for approximately three seconds. Plaintiff quit resisting. Defendants did not kick or punch plaintiff at any time.

Defendants helped plaintiff stand and escorted him to a holding cell. Plaintiff was examined for injuries, and none were found. Plaintiff did not request medical treatment after the incident.

## Discussion

The evidence before the court shows that plaintiff was a recalcitrant prisoner who taunted defendants, refused to follow their commands, and physically resisted their efforts to transfer him to a holding cell. The evidence further shows that defendants used only the force necessary to subdue

plaintiff and complete the transfer. Finally, there is no evidence before the court that would show that plaintiff suffered more than de minimis injury as a result of the incident. As a result, plaintiff has failed to demonstrate that a genuine dispute of material fact exists as to whether defendants violated his Eighth Amendment right to be free from cruel and unusual punishment, and defendants are entitled to summary judgment. See Whitley v Albers, 475 U.S. 312, 322, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986) ("Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury.").

Additionally, "[q]ualified immunity protects state actors from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Maness v. Dist. Court, 495 F.3d 943, 944 (8th Cir. 2007). To determine whether a state actor is entitled to qualified immunity, the court must resolve two questions: first, whether the official deprived plaintiff of a constitutional right, and second, whether that right was so clearly established as the time that a reasonable official would have understood that his or her conduct was unlawful under the circumstances. Kahle v. Leonard, 477 F.3d 544, 550 (8th Cir. 2007). As stated above, plaintiff has failed to demonstrate that he was deprived of a constitutional right. In consequence, defendants are entitled to qualified immunity.

The court considered entering an order compelling the plaintiff to allow himself to be re-deposed. The court decided against such a course for the following reasons:

1. There had already been an order entered allowing the plaintiff's deposition to be taken in the Case Management Order dated March 3, 2008. (Doc. No. 13, ¶ 6).

2. The defendants' attorney had already traveled 307 miles to Licking, Missouri, where plaintiff was confined, and back to Cape Girardeau to take the deposition following notice. (Doc. No. 27). In addition, defendants' attorney had expended the cost for a court reporter.

3. In view of reason 2 above, it would be unfair to the attorney for the defendants to require that attorney again to go to the expense of traveling to Licking, Missouri, and again hire a court reporter with no prospect of any different outcome.

4. The court considered making it a prerequisite to the re-taking of plaintiff's deposition to require the plaintiff to pay the defendants' attorney's costs incurred in the first attempt. Setting such a precondition, however, would be useless since the plaintiff is an indigent, who was permitted to file his lawsuit in forma pauperis.

5. Plaintiff acknowledged during the deposition that his refusal to answer questions could result in sanctions being taken against him including striking plaintiff's pleadings or dismissing his case. (Deposition of Randy Lamont McKeller attached to Doc. No. 26, at p. 5.). See also, pp. 15 and 21 of the deposition for additional warnings about possible sanctions.

For the above stated reasons, the court will enter judgment in favor of defendants.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment (Doc. No. 39) be and it is **granted**. A separate Judgment shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss (Doc. No. 26) be and it is **denied as moot**.

**IT IS FURTHER ORDERED** that plaintiff's motions to compel (Docs. No. 32, 38) be and they are **denied**.

**IT IS FURTHER ORDERED** that defendants' motion to compel (Doc. No. 34) be and it is **denied**.

**IT IS FINALLY ORDERED** that plaintiff's motion to appoint counsel (Doc. No. 45) be and it is **denied as moot**.

Dated this 31st day of March, 2009.

*Lewis M. Blanton*

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE